Pro Se 1 (Rev. 09/16) Complaint for a Civil Case

# UNITED STATES DISTRICT COURT
## for the
### District of Massachusetts

| | |
|---|---|
| Fay | Case No. _____ |
| _Plaintiff(s)_ | _(to be filled in by the Clerk's Office)_ |
| (Write the full name of each plaintiff who is filing this complaint. If the names of all the plaintiffs cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.) | Jury Trial: _(check one)_ ☑ Yes ☐ No |
| -v- | |
| Massachusetts College of Art and Design | |
| _Defendant(s)_ | |
| (Write the full name of each defendant who is being sued. If the names of all the defendants cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.) | |

## COMPLAINT FOR A CIVIL CASE

### I. The Parties to This Complaint

**A. The Plaintiff(s)**

Provide the information below for each plaintiff named in the complaint. Attach additional pages if needed.

| | |
|---|---|
| Name | Francis Henrey "Hank" Fay |
| Street Address | 260 Clark Ave #908 |
| City and County | Chelsea, Suffolk |
| State and Zip Code | Massachusetts 02150 |
| Telephone Number | 617-869-5098 |
| E-mail Address | hankfay4@gmail.com |

**B. The Defendant(s)**

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation. For an individual defendant, include the person's job or title _(if known)_. Attach additional pages if needed.

SEE Attachment

Defendants Attachment

United Stated District Court for the District of Massachusetts

Civil Title IX, Tampering with a Witness, and First Amendment Violation Complaint

Plaintiff: Francis Henry (Hank) Fay

## Defendants

Defendant No. 1
    Massachusetts College of Art and Design
    President Dr. David P. Nelson
    621 Huntington Ave. Suite Tower 11FL
    Boston, Suffolk
    Ma. 02115
    617-879-7100
    nelson@massart.edu


Defendant No.2
    Wilson, Courtney
    Title IX Coordinator
    Massachusetts College of Art and Design
    621 Huntington Ave. Suite Kennedy 203
    Boston, Suffolk
    Ma. 02115
    617-879-7751
    cwilson24@massart.edu

Defendant No.3
    Keefe, Maureen
    Vice-President of Student Development
    Massachusetts College of Art and Design
    621 Huntington Ave. Suite Kennedy 230
    Boston, Suffolk
    Ma. 02115
    617-879-7705
    mkeefe@massart.edu

Defendant No.4
> Buckholtz, Elaine
> Associate Professor
> Massachusetts College of Art and Design
> 621 Huntington Ave. Suite North 172
> Boston, Suffolk
> Ma. 02115
> 617-879-7475
> ebuckholtzmassart.edu

Defendant No.5
> Moser, Dana
> Professor, Studio for Interrelated Media
> Massachusetts College of Art and Design
> 621 Huntington Ave. Suite Tower 720
> Boston, Suffolk
> Ma. 02115
> 617-879-7480
> dmoser@massart.edu

Defendant No. 6
> Obando, Juan
> Assistant Professor, Studio for Interrelated Media
> Massachusetts College of Art and Design
> 621 Huntington Ave. Suite North 172
> Boston, Suffolk
> Ma. 02115
> 617-879-7496
> juan.obando@massart.edu

Defendant No.7
> Palu-ay, Lyssa
> Provost
> Massachusetts College of Art and Design
> 621 Huntington Ave. Suite South 301
> Boston, Suffolk
> Ma. 02115
> 617-879-7782
> lpaluay@massart.edu

Defendant No.8
    Serig, Daniel
    Associate Vice President of Academic Affairs
    Massachusetts College of Art and Design
    621 Huntington Ave. Suite Tower 301
    Boston, Suffolk
    Ma. 02115
    617-879-7549
    dserig@massart.edu

Defendant No.9
    Sturiale, Nita
    Chair, Studio for Interrelated Media
    Massachusetts College of Art and Design
    621 Huntington Ave. Suite North 172
    Boston, Suffolk
    Ma. 02115
    617-879-7481
    nsturiale@massart.edu

Defendant No.10
    John Doe #1
    Massachusetts College of Art and Design
    621 Huntington Ave.
    Boston, Suffolk
    Ma. 02115

Defendant No. 11
    John Doe #2
    Massachusetts College of Art and Design
    621 Huntington Ave.
    Boston, Suffolk
    Ma. 02115

Defendant No. 12
    John Doe #3

Massachusetts College of Art and Design
621 Huntington Ave.
Boston, Suffolk
Ma. 02115

Defendant No. 13
John Doe #4
Massachusetts College of Art and Design
621 Huntington Ave.
Boston, Suffolk
Ma. 02115

Defendant No.14
John Doe #5
Massachusetts College of Art and Design
621 Huntington Ave.
Boston, Suffolk
Ma. 02115

Defendant No.15
John Doe #6
Massachusetts College of Art and Design
621 Huntington Ave.
Boston, Suffolk
Ma. 02115

Defendant No.16
John Doe #7
Massachusetts College of Art and Design
621 Huntington Ave.
Boston, Suffolk
Ma. 02115

Defendant No.17
Jane Doe #1
Massachusetts College of Art and Design
621 Huntington Ave.
Boston, Suffolk
Ma. 02115

Defendant No.18
    Jane Doe #2
    Massachusetts College of Art and Design
    621 Huntington Ave.
    Boston, Suffolk
    Ma. 02115

Defendant No.19
    Jane Doe #3
    Massachusetts College of Art and Design
    621 Huntington Ave.
    Boston, Suffolk
    Ma. 02115

Defendant No.20
    Jane Doe #4
    Massachusetts College of Art and Design
    621 Huntington Ave
    Boston, Ma. 02115

Defendant No.21
    Jane Doe #5
    Massachusetts College of Art and Design
    621 Huntington Ave
    Boston, Ma. 02115

Defendant No.22
    Jane Doe #6
    Massachusetts College of Art and Design
    621 Huntington Ave
    Boston, Ma. 02115

Defendant No.23
    Jane Doe #7
    Massachusetts College of Art and Design
    621 Huntington Ave
    Boston, Ma. 02115

**Defendants 6**

Defendant No.24
    Unknown Agency, Organization, or Business #1
    Boston, Suffolk
    Massachusetts

Defendant No.25
    Unknown Agency, Organization, or Business #2
    Boston, Suffolk
    Massachusetts

Pro Se 1 (Rev. 09/16) Complaint for a Civil Case

## II. Basis for Jurisdiction

Federal courts are courts of limited jurisdiction (limited power). Generally, only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties. Under 28 U.S.C. § 1331, a case arising under the United States Constitution or federal laws or treaties is a federal question case. Under 28 U.S.C. § 1332, a case in which a citizen of one State sues a citizen of another State or nation and the amount at stake is more than $75,000 is a diversity of citizenship case. In a diversity of citizenship case, no defendant may be a citizen of the same State as any plaintiff.

What is the basis for federal court jurisdiction? *(check all that apply)*

[✓] Federal question      [ ] Diversity of citizenship

Fill out the paragraphs in this section that apply to this case.

### A. If the Basis for Jurisdiction Is a Federal Question

List the specific federal statutes, federal treaties, and/or provisions of the United States Constitution that are at issue in this case.

Title IX

### B. If the Basis for Jurisdiction Is Diversity of Citizenship

1. The Plaintiff(s)

    a. If the plaintiff is an individual

    The plaintiff, *(name)* Francis Henry "Hank" Fay, is a citizen of the State of *(name)* _____.

    b. If the plaintiff is a corporation

    The plaintiff, *(name)* _____, is incorporated under the laws of the State of *(name)* _____, and has its principal place of business in the State of *(name)* _____.

    *(If more than one plaintiff is named in the complaint, attach an additional page providing the same information for each additional plaintiff.)*

2. The Defendant(s)

    a. If the defendant is an individual

    The defendant, *(name)* see attached, is a citizen of the State of *(name)* _____. Or is a citizen of *(foreign nation)* _____.

Citizenry Attachment

United Stated District Court for the District of Massachusetts

Civil Title IX, Tampering with a Witness, and First Amendment Violation Complaint

Plaintiff: Francis Henry (Hank) Fay

## Citizenry of Defendants

Defendant No. 1
    The defendant, Elaine Buckholtz is a citizen of the State of Massachusetts.

Defendant No.2
    The defendant, Courtney Wilson is a citizen of the State of Massachusetts.

Defendant No.3
    The defendant, Maureen Keefe is a citizen of the State of Massachusetts.

Defendant No.4
    The Massachusetts College of Art and Design is a public institution in the State of Massachusetts

Defendant No.5
    The defendant, Dana Moser is a citizen of the State of Massachusetts.

Defendant No. 6
    The defendant, Juan Obando is a citizen of the State of Massachusetts.

Defendant No.7
    The defendant, Lyssa Palu-ay is a citizen of the State of Massachusetts.

Defendant No.8
    The defendant, Daniel Serig is a citizen of the State of Massachusetts.

Defendant No.9
    The defendant, Nita Sturiale is a citizen of the State of Massachusetts.

Defendant No.10
    The defendant, John Doe#1 is a citizen of the State of Massachusetts.

Defendant No. 11
    The defendant, John Doe #2 is a citizen of the State of Massachusetts.

Defendant No. 12
    The defendant, John Doe #3 is a citizen of the State of Massachusetts.

Defendant No. 13
    The defendant, John Doe #4 is a citizen of the State of Massachusetts.

Defendant No.14
    The defendant, John Doe#5 is a citizen of the State of Massachusetts.

Defendant No.15
    The defendant, John Doe#6 is a citizen of the State of Massachusetts.

Defendant No.16
    The defendant, John Doe#7 is a citizen of the State of Massachusetts.

Defendant No.17
    The defendant, Jane Doe#1 is a citizen of the State of Massachusetts.

Defendant No.18
    The defendant, Jane Doe#2 is a citizen of the State of Massachusetts.

Defendant No.19
    The defendant, Jane Doe#3 is a citizen of the State of Massachusetts.

Defendant No.20
    The defendant, Jane Doe#4 is a citizen of the State of Massachusetts.

Defendant No.21
    The defendant, Jane Doe#5 is a citizen of the State of Massachusetts.

Defendant No.22
    The defendant, Jane Doe#6 is a citizen of the State of Massachusetts.

Defendant No.23
    The defendant, Jane Doe#7 is a citizen of the State of Massachusetts.

Defendant No.24
    The defendant, Unknown Agency, Organization, or Business #1 is an institution in the State of Massachusetts

Defendant No.25
    The defendant, Unknown Agency, Organization, or Business #2 is an institution in the State of Massachusetts

Pro Se 1 (Rev. 09/16) Complaint for a Civil Case

    b. If the defendant is a corporation

    The defendant, *(name)* see attached , is incorporated under the laws of the State of *(name)* _____, and has its principal place of business in the State of *(name)* _____.
Or is incorporated under the laws of *(foreign nation)* _____, and has its principal place of business in *(name)* _____.

*(If more than one defendant is named in the complaint, attach an additional page providing the same information for each additional defendant.)*

3. The Amount in Controversy

The amount in controversy-the amount the plaintiff claims the defendant owes or the amount at stake-is more than $75,000, not counting interest and costs of court, because *(explain)*:

**Civil Rights violation**

## III. Statement of Claim

Write a short and plain statement of the claim. Do not make legal arguments. State as briefly as possible the facts showing that each plaintiff is entitled to the damages or other relief sought. State how each defendant was involved and what each defendant did that caused the plaintiff harm or violated the plaintiff's rights, including the dates and places of that involvement or conduct. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

**see attached Statement of Claim**

## IV. Relief

State briefly and precisely what damages or other relief the plaintiff asks the court to order. Do not make legal arguments. Include any basis for claiming that the wrongs alleged are continuing at the present time. Include the amounts of any actual damages claimed for the acts alleged and the basis for these amounts. Include any punitive or exemplary damages claimed, the amounts, and the reasons you claim you are entitled to actual or punitive money damages.

**see attached Prayer for relief**

Statement of Claim Attachment

United States District Court for the District of Massachusetts

Civil Title IX Retaliation, Witness Tampering, and First Amendment Violation Complaint

Plaintiff: Francis Henry (Hank) Fay

Complaint #1) On or about April 1, 2016 Professor Elaine Buckholtz retaliated against me for complaining about a sexual innuendo uttered by her against me. She made the joke in the school auditorium and I posted about it the next day on our class message board. Buckholtz violated Title IX when she retaliated against me by calling me at home and using an abusive tone of voice (shouting) and insulting me, making the quid pro quo demand that if I did not retract the post criticizing her ribald joke that she would require we have 'a mediation," by falsely claiming that I physically intimidated her, and by banning me from her classes.

Complaint #2) On or about April 5, 2016 Studio for Interrelated Media's (a department and degree program at Massart known as SIM) Chairperson Professor Nita Sturiale, violated Title IX when she retaliated against me for complaining about Associate Professor Buckholtz' sexual innuendo and refusing to remove the post by banning me from taking classes taught by herself or Professor Buckholtz.

Complaint #3) On or about April 7, 2016 Professor Buckholtz violated Title IX when she retaliated against me by writing Dean of Civil Rights Mercedes Sherrod-Evans a letter calling me

misguided, over-sensitive, toxic and a liar. She claimed that she had never made any joke at my expense, and that I had made up the incident to attack her.

Complaint #4) On or about April 11, 2016 Dean of Civil Rights Mercedes Sherrod-Evans retaliates against me and attempts to prevent my from filing a Title IX complaint by stating that she is "miffed" at me for criticizing handicapped access at Massart, that the school is obligated to believe the word of a professor over any student's word, and that I could be expelled if I "push it."

Complaint #5) On or about April 14, 2016 Vice-President Dan Serig violates Title IX when he retaliated against me by refusing to investigate or mediate my Title IX complaint.

Complaint #6) Serig violates my Frist Amendment rights when he forbids me to record our policy discussion meetings.

Complaint #7) Serig attempts to intimidate me from filing a Title IX complaint by refusing to allow me to record our Title IX policy meetings.

Complaint #8) On or about April 14, 2016 Sturiale retaliates against me and attempts to intimidate me from testifying Title IX by refusing to ask the class for witnesses.

Complaint #9) On or about April 26, 2016 Sturiale, Buckholtz, and Serig violate Title IX by denying me access to Board Reviews because I attempted to file a Title IX complaint.

Complaint #10) On or about May 13, 2016 Dean of Students Jamie Glanton Costello violates my First Amendment Rights by refusing to allow me to record our meetings to discuss Title IX policy.

Complaint #11) Jamie Glanton Costello repeatedly attempted to persuade me not to file a Title IX complaint.

Complaint #12) On, about, and/or after April 25, 2016 Title IX coordinator Courtney Wilson violates my First amendment rights against me by refusing to allow me to record our meetings.

Complaint #13) Courtney Wilson repeatedly attempts to persuade me not to file a complaint.

Complaint #14) Approximately May 19, 2016 Academic Resource Center. Elizabeth Smith-Freedman retaliates against me by declining to communicate my disability to my professors.

Complaint #15) January 17, 2018 Provost Lyssa Palu-ay banned me from the Studio for Interrelated Media office as retaliation for filing a Title IX complaint.

Complaint #16) Palu-ay violated my First amendment rights by refusing to allow me to record a Title IX policy meeting.

Complaint #17) January 9, 2018 Vice President of Student Development, Maureen Keefe retaliated against me for filing Tile IX by demanding unreasonably that I appear at a meeting before I could return to class.

Complaint #18) Keefe violated my First Amendment rights by refusing to allow me to record our Title IX policy meeting.

Complaint #19) On or about May 6, 2016 Professor Dana Moser retaliates against me for filing Title IX and violating my First Amendment Rights by removing my post about Professor Buckholtz from the class website.

Complaint #20) Sometime before August 23, 2017 Professor Juan Obando violated Title IX when he retaliated against me by testifying for investigators that the he and other faculty members "stepped back" from me.

Complaint #15) Sometime after April 1, 2016, a John Doe and/or unnamed business or agency violated my First Amendment Rights during the time my post was removed from the web by blocking my online account at Massart, canceling my class schedule, and refunding my tuition creating the appearance that I had been expelled.

Complaint #16) The faculty and administrators involved in my Title IX complaint attempted to intimidate me from filing Title IX by labeling me as "toxic" and encouraged others to marginalize and ostracize me.

Complaint #17) The original in-house Title IX investigation was unlawfully influenced by John Doe and/or an unnamed business or agency.

Prayer for Relief and Demand for Jury Attachment

United States District Court for the District of Massachusetts

Civil Title IX Complaint

Plaintiff: Francis Henry (Hank) Fay

This Prayer for Relief is seeking General damages, Consequential damages, and Punitive damages greater than $75,000.00 according to proof.

According to Federal Rules of Civil Procedure, I respectfully demand trial by jury in this action.

Pro Se 1 (Rev. 09/16) Complaint for a Civil Case

## V. Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A. For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case-related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing: 2/10/2020

Signature of Plaintiff: *[signature]*
Printed Name of Plaintiff: FRANCIS H FAY

### B. For Attorneys

Date of signing: _____

Signature of Attorney _____
Printed Name of Attorney _____
Bar Number _____
Name of Law Firm _____
Street Address _____
State and Zip Code _____
Telephone Number _____
E-mail Address _____